# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JOHN RICHARD JAE, | Civil Action No. 12 – 1332 |
| Plaintiff, | |
| v. | Chief Magistrate Judge Lisa Pupo Lenihan |
| WARDEN WILLIAM STICKMAN, *et al.*, | |
| Defendants. | |

## REPORT AND RECOMMENDATION

### I. RECOMMENDATION

For the reasons that follow, it is respectfully recommended that this action be remanded back to the Court of Common Pleas for Allegheny County.

### II. REPORT

Plaintiff, John Richard Jae, is a state prisoner who was confined in the Allegheny County Jail at the time the events at issue in this case occurred. On July 16, 2012, in the Court of Common Pleas of Allegheny County, Pennsylvania, Plaintiff filed a Complaint against Allegheny County and various individuals employed at the Allegheny County Jail. Defendants were served with the Complaint on August 24, 2012, and on September 17, 2012, Defendant Darlene Thomas filed a Notice of Removal in this United States District Court for the Western District of Pennsylvania. In the Notice, Defendant Thomas asserts that removal is proper because the Court has original jurisdiction under 28 U.S.C. § 1331 as Plaintiff alleges violations of his federal constitutional rights under 42 U.S.C. § 1983. For the following reasons, this action

1

should be remanded back to the Court of Common Pleas for Allegheny County where Plaintiff filed it.

### A. Defect in Removal Procedure

As an initial matter, while this action may have been removable under 28 U.S.C. § 1441(a), there was a defect in the removal procedure.

Pursuant to 28 U.S.C. § 1446(a), a defendant desiring removal shall file in the district court a notice of removal pursuant to Rule 11 of the Federal Rules of Civil Procedure. The notice of removal "shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading . . . or within 30 days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter." 28 U.S.C. § 1446(b)(1); *see also* Murphy Bros. v. Michetti Pipe Stinging, 526 U.S. 344, 348 (1999) (holding that the time to remove is triggered by "receipt of the complaint, 'through service or otherwise' after and apart from service of the summons . . . ."); Sikirica v. Nationwide Ins. Co., 416 F.3d 214, 223 (3d Cir. 2005) (stating that in Murphy Bros., the Supreme Court interpreted "initial pleading" to mean "complaint" so a writ of summons alone can no longer be the "initial pleading" that triggers the 30-day period for removal); Di Loreto v. Costigan, 351 F. App'x 747, 751 (3d Cir. 2009) ("[T]he removal period for a defendant does not begin to run until that defendant is properly served or until that defendant waives service.").

When there is more than one defendant and a civil action is removed solely under section 1441(a), as is the case here, "all defendants who have been properly joined and served must join in or consent to the removal of the action." 28 U.S.C. § 1446(b)(2)(A); *see also* Balazik v. County of Dauphin, 44 F.3d 209, 213 (3d Cir. 1995). The requirement that all defendants must

join in or consent to removal is more commonly referred to as the "rule of unanimity." Balazik, 44 F.3d at 213 n.4; *see also* Lewis v. Rego Co., 757 F.2d 66, 68 (3d Cir. 1985). Each defendant must join in, or consent to, removal within the thirty day removal period and the failure to do so creates a "defect in the removal procedure within the meaning of § 1447(c)." Balazik, 44 F.3d at 213; *see* Michaels v. State of New Jersey, 955 F. Supp. 315, 320-22 (D. N.J. 1996) (finding that co-defendant which did not sign the notice of removal must itself timely submit a written consent to the court within the allotted 30 day time period for removal).

Upon review, it does not appear that the other named Defendants in this action have consented to the removal of this case as required. Defendant Thomas asserts that no other Defendants have entered their appearance in this action, and, therefore, consent is not an issue. However, the rule requires that "*all* defendants who have been *properly joined and served* must join in and consent to the removal of the action." 28 U.S.C. § 1446(b)(2)(A) (emphasis added); *see* Balazik, 44 F.3d at 213 ("removal requires unanimity among the defendants"). Her submissions of the state court records indicate that service was completed on August 24, 2012, as to the following Defendants: Stickman, Gambrill, Coleman, Emerick, Prison Cashiers, and Allegheny County. (ECF No. 1-3 at 2-3.)

While Defendant Thomas maintains that she was not properly served because service was accepted by a person not authorized to accept service on her behalf, there is no indication that the remaining Defendants were not properly served in accordance with the Pennsylvania Rules of Civil Procedure. In fact, the state court records indicate that, with the exception of Allegheny County, service was accepted on behalf of the remaining Defendants by Donna Gujski, the Administrative Secretary of the Allegheny County Jail and an agent authorized to accept service on their behalf. Id. Why these Defendants failed to enter their appearance and timely respond to

Plaintiff's Complaint is entirely unknown and would certainly be addressed if the undersigned were not recommending that this case be remanded back to the state court for reasons addressed *infra*. However, the fact remains that Defendant Thomas was required to obtain their permission prior to removing the action to this Court and she did not do so. Notwithstanding, Plaintiff did not move to remand this action to state court on the basis of the aforementioned defect in removal pursuant to 28 U.S.C. § 1447(c), and this Court is not authorized to remand it *sua sponte* due to the procedural defect. See Nelson v. Medtronic, Inc., 208 F.3d 445, 451 (3d Cir. 2000) (non-jurisdictional objections to removal may be waived; a "remand on the court's own motion may deprive both sides of their preferred forum") (quoting In re Cont'l Cas. Co., 29 F.3d 292, 294 (7th Cir. 1994)). However, the Court will take judicial notice of the fact that Defendant Thomas did not comply with statutory removal procedures in that the Notice of Removal was not signed by all Defendants nor have they filed a formal consent to the removal. The issue compelling remand will now be addressed.

### B. Three Strikes under 28 U.S.C. § 1915 and 42 Pa. C.S. § 6602

At the time that this case was removed from state court, Plaintiff had accumulated at least "three strikes" under 28 U.S.C. § 1915(e).[1] If Plaintiff had not paid the full filing fee and sought leave to proceed *in forma pauperis*, there is no question it would have been dismissed pursuant to Section 1915(g). However, Plaintiff's case is in this court through the removal of the case from state court by Defendant Thomas, not by Plaintiff's own volition.

---

[1] Specifically, in Jae v. White, No. 95-2019 (W.D. Pa.), Plaintiff's action was dismissed as legally frivolous by Order dated January 4, 1996. In Jae v. Grainey, No. 96-637 (W.D. Pa.), Plaintiff's action was dismissed for failure to state a claim by Order dated April 8, 1997. In Jae v. Collins, No. 95-1442 (W.D. Pa.), Plaintiff's action was dismissed as legally frivolous by Order dated September 28, 1995. In Jae v. White, No. 95-770 (W.D. Pa.), Plaintiff's action was dismissed for failure to state a claim by Order dated December 8, 1995.

This presents a "thorny" issue which has been previously addressed by this Court in Bartelli v. Pa. Dep't of Corr., No. 10-1629, 2011 U.S. Dist. LEXIS 11161 (W.D. Pa. Jan. 19, 2011), *adopted by* 2011 U.S. Dist. LEXIS 11150 (W.D. Pa. Feb. 4, 2011), and by the Middle District of Pennsylvania in Bartelli v. Beard, No. 08-1143, 2008 U.S. Dist. LEXIS 116326 (M.D. Pa. June 27, 2008), *adopted by* 2008 U.S. Dist. LEXIS 72677 (M.D. Pa. Sept. 24, 2008). In both cases, the plaintiff properly filed his case in state court and it was removed to federal court by the defendants. However, the plaintiff had accumulated "three strikes" in federal court under Section 1915(e). The magistrate judges, in both cases, concluded that the best course of action was to remand the plaintiff's case so that he could pursue his federal claims in state court because letting the case proceed would thwart the purpose of the Prison Litigation Reform Act in curtailing litigation by plaintiffs who have "three strikes."

Like the Bartelli cases, this case should also be remanded back to the state court because to do otherwise would essentially trump the effect of Section 1915(g). However, the undersigned notes that it does not appear this case should have proceeded as far as it did in the state court so as to result in removal to this Court. Specifically, the parties should be aware that the state court may have improperly granted Plaintiff's petition for leave to proceed *in forma pauperis*. Similar to a federal court, a Pennsylvania state court can deny a prisoner *in forma pauperis* status and dismiss a complaint challenging prison conditions where the prisoner has had three prior prison condition complaints dismissed as frivolous, malicious, or for failure to state a claim. *See* 42 Pa. C.S. § 6602(f)(1). It appears that Plaintiff has previously accumulated more than "three strikes" under Section 6602(f)(1). *See* Jae v. Good, 946 A.2d 802 (Pa. Commw. Ct. 2008). Accordingly, if the case is remanded, the Defendants should consider filing a motion to revoke Plaintiff's *in forma pauperis* status under Pennsylvania's Prison Litigation Reform Act.

### III. <u>CONCLUSION</u>

For the reasons set forth above, it is respectfully recommended that this action be remanded back to the Court of Common Pleas of Allegheny County.

In accordance with the Magistrate Judge's Act, 28 U.S.C. § 636(b)(1)(B) and (C), and Rule of 72.D.2. of the Local Rules of Court, the parties are allowed fourteen (14) days from the date of services to file objections to this Report and Recommendation. Any party opposing the objections shall have fourteen (14) days from the date of service of objections to respond thereto. Failure to file timely objections will constitute a waiver of any appellate rights.

Dated: October 29, 2012

<u>/s/ Lisa Pupo Lenihan</u>
Lisa Pupo Lenihan
Chief United States Magistrate Judge

cc: John Richard Jae
#2183
Allegheny County Jail
950 Second Avenue
Pittsburgh, PA 15219
*Via U.S. Postal Mail*

Counsel of Record
*Via ECF Electronic Mail*