IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JOHN RICHARD JAE, | Civil Action No. 12 – 1332 |
| Plaintiff, | |
| v. | District Judge Gary L. Lancaster |
| | Chief Magistrate Judge Lisa Pupo Lenihan |
| WARDEN WILLIAM STICKMAN, *et al.*, | |
| Defendants. | |

## MEMORANDUM ORDER

This case is before the Court on Defendant Darlene's Objections (ECF No. 3) to the Magistrate Judge's Report and Recommendation dated October 29, 2012 (ECF No. 2). Upon consideration of the Objections, the undersigned will vacate the Report and Recommendation and order that Defendant file a responsive pleading to Plaintiff's Complaint within fourteen (14) days from the date of this Order.[1]

Defendant Darlene argues that the Court should *sua sponte* dismiss this action as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B), § 1915A, and/or 42 U.S.C. § 1997e(c)(1). First, Defendant Darlene incorrectly asserts that this action can be dismissed under § 1915(e)(2)(B).

---

[1] Defendant Darlene objects to the Magistrate Judge's recommendation that this case be remanded back to the state court in order to give effect to the PLRA's "three strikes" provision, 28 U.S.C. § 1915(g). While the undersigned is cognizant that the Third Circuit Court of Appeals has yet to rule on the issue presented and that both this district and the Middle District of Pennsylvania have remanded cases that had been removed to federal court, such as this one, where the prisoner plaintiff had accumulated three strikes under the PLRA, the undersigned will vacate her recommendation to do so in this instance as the recent ruling by the Fourth Circuit in Lisenby v. Lear, 674 F.3d 259 (4th Cir. 2012), and the Eleventh Circuit in Lloyd v. Benton, 686 F.3d 1225 (11th Cir. 2012), may be indicative as to how the Third Circuit would rule on such an issue. Nevertheless, it is entirely unclear as to why it was Defendant's preference to remove this case to federal court and litigate when Plaintiff had accumulated more than three strikes under Pennsylvania's PLRA, and, by filing a motion to revoke Plaintiff's *in forma pauperis* status, such action could have been dismissed pursuant to 42 Pa. C.S. § 6602(f)(1).

That section applies only to *in forma pauperis* proceedings, and because Defendant Darlene paid the filing fee upon removal to this Court, Plaintiff is not proceeding *in forma pauperis*. Although § 1915(e)(2) states that the Court may do so "[n]otwithstanding any filing fee, or any portion thereof, that may have been paid," that section only governs *in forma pauperis* proceedings where the plaintiff is allowed to make incremental payments until the filing fee is paid in full. Defendant Darlene also argues that the Court may dismiss this action pursuant to 28 U.S.C. § 1915A. Section 1915A permits screening of complaints where the prisoner is seeking redress from a governmental entity or officer or employee of a governmental entity. Defendant Darlene, however, is an employee of Trinity Services Group, Inc., a private company contracted to provide food services at the Allegheny County Jail. The Court may, however, screen claims under 42 U.S.C. § 1997e(c)(1).[2] However, for the following reasons, the undersigned finds that there is no basis for a *sua sponte* dismissal at this time.

Plaintiff's claims against Defendant Darlene are based on her failure to provide nutritionally adequate meals at the Allegheny County Jail. In this regard, prisoners are entitled to a nutritionally adequate diet. Ramos v. Lamm, 639 F.2d 559, 571 (10th Cir. 1980), *cert. denied*, 450 U.S. 1041 (1981). The Eighth Amendment requires that prison officials serve "nutritionally adequate food that is prepared and served under conditions which do not present an immediate danger to the health and well being of the inmates who consume it." Id. Merely because the food served is not prepared to an inmate's taste does not implicate the Eighth Amendment. *See* Burgin v. Nix, 899 F.2d 733, 734-35 (8th Cir. 1990) (inmates do not have a

---

[2] Section 1997e(c)(1) permits a court to *sua sponte* dismiss any action with respect to prison conditions under 42 U.S.C. § 1983, or any other Federal law, by a prisoner if the court finds that the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. 42 U.S.C. § 1997e(c)(1).

constitutional right to be served any particular type of food). Rather, the Eighth Amendment's prohibition against cruel and unusual punishment is violated if an inmate is not provided with meals adequate to maintain his health. *See* Mays v. Springborn, 575 F.3d 643, 648 (7th Cir. 2009); Trujillo v. Williams, 465 F.3d 1210, 1227 (10th Cir. 2006); Thompson v. Gibson, 289 F.3d 1218, 1222 (10th Cir. 2002); Berry v. Brady, 192 F.3d 504, 507 (5th Cir. 1999); Keenan v. Hall, 83 F.3d 1083, 1091 (9th Cir. 1996); Wishon v. Gammon, 978 F.2d 446, 449 (8th Cir. 1992); Shrader v. White, 761 F.2d 975, 986 (4th Cir. 1985); Campbell v. Cauthron, 623 F.2d 503, 508 (8th Cir. 1980).

Contrary to Defendant Darlene's contentions, Plaintiff does not allege that the food served was unappetizing or not to his liking. If that were the case, the undersigned would agree that such claim should be *sua sponte* dismissed. Plaintiff, however, alleges that the menu at the Allegheny County Jail does not meet the recommended daily allowances and caloric intake requirements of the United States Department of Agriculture. Specifically, he claims that the jail does not serve fruit and the meals served do not nearly amount to 2800 calories a day as required. As a result, Plaintiff claims he suffers from hunger and experiences pain.

Liberally construed, the undersigned cannot reasonably conclude that Plaintiff's claims against Defendant Darlene are frivolous or clearly fail to state a claim upon which relief can be granted so as to warrant *sua sponte* dismissal under the PLRA. "[W]here a prisoner's *pro se* complaint alleges claims which are arguably cognizable under 42 U.S.C. § 1983, it is better . . . to require a response than to dismiss the complaint *sua sponte*." Robles v. Coughlin, 725 F.2d 12, 16 (2d Cir. 1983) (reversing district court's *sua sponte* dismissal under 28 U.S.C. § 1915(d), now § 1915(e), of prisoner plaintiff's complaint alleging starvation of inmates and contamination of food by correction officers). While it may later be determined that the diet which Plaintiff did

receive provided adequate nutrition, or that he was deprived of a nutritionally adequate diet but that it was not sufficiently serious so as to violate constitutional standards, then dismissal will be warranted at that time. As of right now, however, *sua sponte* dismissal is not warranted.

**AND NOW**, this 16th day of November, 2012,

**IT IS HEREBY ORDERED** that the Report and Recommendation (ECF No. 2) is vacated.

**AND IT IS FURTHER ORDERED** that Defendant Darlene shall file a responsive pleading to Plaintiff's Complaint within fourteen (14) days from the date of this Order.

                                        Lisa Pupo Lenihan
                                        Chief United States Magistrate Judge

cc: **JOHN RICHARD JAE**
    #2183
    Allegheny County Jail
    950 Second Avenue
    Pittsburgh, PA 15219
    *Via U.S. Postal Mail*

    Counsel of Record
    *Via ECF Electronic Mail*