IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JOHN RICHARD JAE, | ) | |
| | ) | Civil Action No. 12 – 1332 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Chief Magistrate Judge Lisa Pupo Lenihan |
| | ) | |
| WARDEN WILLIAM STICKMAN, | ) | |
| DEPUTY WARDEN B. EMERICK, | ) | ECF No. 43 |
| CAPTAIN COLEMAN, THE PRISON | ) | |
| CASHIERS, OFFICER GAMBRILL, | ) | |
| and 5F RELIEF OFFICERS, | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION AND ORDER

Pending before this Court is Plaintiff's "Motion to Vacate Inter Alia Motion to Alter or Amend Judgment." (ECF No. 43.) Plaintiff's motion is filed pursuant to Federal Rule of Civil Procedure 59(e), whereby a party may move to alter or amend a judgment within 28 days after its entry. The Defendants filed their response to Plaintiff's motion on November 27, 2013. (ECF No. 48.) Defendants assert that Plaintiff's motion is premature because judgment has not yet been entered, and, to the extent he seeks reconsideration of the Court's Order dated August 19, 2013, wherein the Court granted in part Defendants' Motion to Dismiss, his motion was not filed within ten days and is therefore untimely.

As to Defendants' first argument, they are correct that judgment has not yet been entered in this case. For the purposes of the Federal Rules of Civil Procedure, "judgment" is defined to "include[] a decree and any order from which an appeal lies." Fed. R. Civ. P. 54(a). Thus,

1

"judgment" encompasses both a final judgment and an appealable interlocutory order. "Judgment" does not, however, encompass an order dismissing fewer than all of the opposing parties or claims unless the district court directs the entry of final judgment under Rule 54(b), or expressly indicates that the order is an immediately appealable interlocutory decision under 28 U.S.C. § 1292(b). Wagner v. Farmers & Merchs. State Bank, 787 F.2d 444, 445 (8th Cir. 1986) (per curiam). Because an order dismissing fewer than all claims or parties is generally not a final judgment, a Rule 59(e) motion to challenge such an order may only be filed after the district court enters the final judgment. Maristuen v. Nat'l States Ins. Co., 57 F.3d 673, 679 (8th Cir. 1995). Here, the Court's Order dated August 19, 2013, was not a final judgment because it dismissed fewer than all of the claims asserted in Plaintiff's amended complaint and the Court did not direct the entry of final judgment under Rule 54(b) or indicate that the order was an immediately appealable interlocutory decision under § 1292(b).

Although Rule 59 allows for a judgment to be altered, there is no express provision in the Federal Rules of Civil Procedure for a judicial decision to be reconsidered. United States v. Compaction Sys. Corp., 88 F. Supp. 2d 339, 345 (D.N.J. 1999). Therefore, courts interpret motions for reconsideration as analogous to that of motions to alter or amend judgment pursuant to Rule 59(e). However, Defendants are incorrect as to their argument that Plaintiff's motion is untimely because it was not filed within ten days. Not only was the ten day filing period expanded to twenty-eight days when Fed. R. Civ. P. 59(e) was amended in 2009, *see* Fed. R. Civ. P. 59, 2009 Amendments ("Former Rules 50, 52, and 59 adopted 10-day periods for their respective post-judgment motions . . . [T]he former 10-day periods are expanded to 28-days."), the Western District of Pennsylvania does not have a local rule requiring motions for reconsideration to be filed within a particular time period. Because the pending motion for

reconsideration is not subject to the filing requirements under Rule 59(e), and Defendants point to no prejudice to them, the Court views Plaintiff's motion to alter or amend judgment as a motion for reconsideration and as timely filed.[1]  *See* Zion v. Nassan, No. 09-383, 2010 U.S. Dist. LEXIS 112039, 2010 WL 4237929, at *3 (W.D. Pa. Oct. 21, 2010).

The Third Circuit has held that the purpose of a motion for reconsideration under Rule 59(e) is "to correct manifest errors of law or fact or to present newly discovered evidence." Harsco Corp. v. Zlotnicki, 779 F.2d 906, 909 (3d Cir. 1985).  A court may grant a motion for reconsideration or alter or amend a judgment if the party seeking reconsideration "shows at least one of the following grounds: (1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court granted the motion for summary judgment; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice."  Max's Seafood Café v. Quinteros, 176 F.3d 669, 677 (3d Cir. 1999).

Relief by way of a motion for reconsideration is an "extraordinary remedy" only to be granted "very sparingly."  Cont'l Cas. Co. v. Diversified Indus., Inc., 884 F. Supp. 937, 943 (E.D. Pa. 1995).  A motion for reconsideration is appropriate in instances where the court has "patently misunderstood a party, or has made a decision outside the adversarial issues presented to the Court by the parties, or has made an error not of reasoning but of apprehension." Rohrboach v. AT&T Nassau Metals Corp., 902 F. Supp. 523, 527 (M.D. Pa. 1995), *vacated in part on other grounds on reconsideration*, 915 F. Supp. 712 (M.D. Pa. 1996) (citation omitted). It may not be used as a means to reargue unsuccessful theories, or argue new facts or issues that were not presented to the court in the context of the matter previously decided.  Drysdale v. Woerth, 153 F. Supp. 2d 678, 682 (E.D. Pa. 2001).

---

[1] Plaintiff's motion was filed eighteen days after the Court entered its Order.

Upon thorough review of Plaintiff's motion, the Court finds that he has not demonstrated any of the grounds necessary to warrant reconsideration of the Court's Order granting in part and denying in part Defendants' Motion to Dismiss. Most of his arguments reveal nothing more than mere disagreement with the Court's decision and are essentially a recapitulation of arguments that have already been considered by the Court before rendering its original decision. This does not carry his burden under the standard for a motion for reconsideration. However, the Court notes that one of Plaintiff's arguments merits further discussion; specifically, that the Court failed to address his First Amendment freedom of speech claim. He maintains that he was denied the right to order, receive and read publications because the jail did not follow their own policy in that they did not provide a method for inmates to use their own funds to purchase publications. He also maintains that although the jail allowed for members of the community to purchase publications for inmates, he did not have anyone in the community who would do so for him. To the extent the Court's previous order did not make clear that this claim was without merit, it will do so now.

There is no constitutional right to unlimited pleasure reading while incarcerated. Hunnicutt v. Armstrong, 305 F. Supp. 2d 175, 188 (D. Conn. 2004). A prison policy restricting access to publications is permissible when it is reasonably related to legitimate penological interests and is not an exaggerated response to such objectives. Turner v. Safley, 482 U.S. 78, 87 (1987). In Turner, the Supreme Court stated that a prison regulation "is valid if it is reasonably related to legitimate penological interests," and established a four-prong analysis to evaluate whether a prison regulation or practice meets that threshold. 482 U.S. at 89-91. Courts are instructed to examine whether (1) the regulation or practice in question furthers a legitimate governmental interest; (2) alternative means of exercising the constitutional right remain open to

prisoners; (3) accommodation of the right will disrupt the prison environment; and (4) an alternative exists which would fully accommodate the prisoners' rights at a *de minimis* cost to valid penological interests. Id. at 89-91.

In this case, Plaintiff admits that the jail did not have a complete ban on the right to receive publications. Indeed, even if Plaintiff is correct in his assertion that the jail did not provide a method by which inmates could withdraw their funds in order to purchase publications, which the Court thinks is high suspect, Plaintiff admits that inmates were allowed to receive publications from members of the community as long as those publications were shipped directly from the publisher. The fact that Plaintiff may not have known anyone in the community who would purchase publications for him does not give rise to a federal constitutional violation. Thus, Plaintiff failed to state a claim, and, as such, this claim was dismissed in accordance with the Court's Order dated August 19, 2013.

**AND NOW**, this 2nd day of December, 2013;

**IT IS HEREBY ORDERED** that Plaintiff's Motion to Alter or Amend Judgment (ECF No. 43), which the Court has construed as a motion for reconsideration, is **DENIED**.

/s/ Lisa Pupo Lenihan
Lisa Pupo Lenihan
Chief United States Magistrate Judge

cc: John Richard Jae
KQ-2569
S.C.I. Forest
Special Needs Unit
P.O. Box 945
Marienville, PA  16239-0945
*Via First Class Mail*

Counsel of Record
*Via ECF Electronic Mail*

5